12-15-00063-CR

ERIC MAULDIN #1298756

TO: THE OFFICE OF THE CLERK

FILED IN COURT OF APPEALS
12th Court of Appeals District

MAR 1 2 2015

TYLER TEXAS
CATHY S. LUSK, CLERK

I AM WRITING TO YOU CONCERNING; COULD AND WOULD YOU PLEASE FILE THIS WRIT OF MANDAMUS TO COMPEL WRIT OF PROHIBITION INHERENT TO THE OBEDIENCE OF IT TO THE GRAND JURY COMMISSIONERS OFFICE, SMITH COUNTY COURT HOUSE, ALSO TO THE 241ST DISTRICT COURT ROOM, 100 N. BROADWAY, ROOM 204 TYLER TEXAS, 75702

THANK YOU

"AN COULD YOU PLEASE NOTIFY ME"
AT YOUR EARLIEST CONVIENCE.

SIGNED ON THIS 24TH DAY OF FEBURARY 2015

(S) Eric Mauldin
PRO SE # 1298756

ERIC MAULDIN
POLUNSKY UNIT
3872 FM 350 SOUTH
LIVINGSTON, TEXAS,
77351

ERIC MAULDIN # 1298756
3872 FM 350 South
LIVINGSTON, TEXAS, 77351


TO:

SMITH COUNTY DISTRICT CLERK
100 N. BROADWAY, ROOM 204
TYLER, TEXAS, 75702


_Eric Mauldin_
ERIC MAULDIN # 1298756

ERIC MAULDIN        IN THE 241ST DISTRICT
     VS.            COURT OF SMITH COUNTY
THE STATE OF TEXAS      TEXAS

FILED IN COURT OF APPEALS
12th Court of Appeals District

MAR 12 2015
e/KM
TYLER TEXAS
CATH_ S. LUSK, CLERK

[DESCRETIENARY REVIEW]

THIS IS AN ORIGINAL [WRIT OF MANDAMUS]
TO COMPEL INHERENT WRIT OF PROHIBITION
TEX. CRIM. STAT. ART. 828, WHEN DEFENDANT GAVE
NOTICE OF APPEAL TO THE COURT FROM THE JUDGEMENT
OF CONVICTION, THE DISTRICT COURT LOST JURISDCTION,
AND THE COURT IMMEDIATELY ACQUIRED JURISDICTION
OF THE CASE.

THE DISTRICT COURT ACQUIRED JURISDICTION ONLY TO CARRY
OUT THE MANDATE OF THE COURT TO SEE THAT THE JUDGEMENT OF
CONVICTION AND SENTENCE WAS CARRIED OUT; AND THE POWER
TO ISSUE A WRIT OF PROHIBITION WAS INHERENT IN THE COURT
TO REQUIRE OBEDIENCE TO IT'S JUDGMENTS.

THIS PETITION IS AN "EXTRAORDINARY WRIT" EXHAUSTION OF
STATE COURT REMEDIES UNDER THE OBAMA ADMINISTRATION"
"THE FAIR SENTENCING ACT" OF CONGRESS "THE FUNDAMENTAL
AMERICAN CONCEPT, EQUAL JUSTICE UNDER LAW ENSURING
"JUSTICE", APARTHIED" "THE CLEMENCY PROJECT 2014"
THE FLOOR DEBATES OVER SB 169 AND SJR 16 ADD FURTHER
LIGHT IN THE HOUSE FLOOR DEBATE ON "MAY 24th 1985,
REP DAN MORALES" EXPLAINED THE PURPOSE OF SB 169 AND
SJR 16. NOW ART. 1.14 AND ART. V.A C.C.P "FUNDAMENTALLY
DEFECTIVE INDICTMENT" DUE PROCESS OF LAW,
INVOLUNTARY GUILTY PLEA INEFFECTIVE ASSISTANCE OF
COUNSEL

Pg# 1

A CONSPIRACY TO IMPEDE "JUSTICE" PREJUDICE DELIBERATE INDIFFERANCE PROSECUTORIAL VINDICTIVENESS VIOLATIONS OF MY CONSTITUTIONAL RIGHTS NAMELY THE 1ST 4TH 5TH 6TH 8TH 13TH AND 14TH AMENDMENTS "MAGNA CARTA" AND THE ILLEGAL HABITUAL PARAGRAPHS AND ENHANCEMENTS PROCEDURES, ILLEGAL MISCONDUCT AND FATAL VARIANCE WAIVE THE ANTI TERRORISM EFFECTIVE DEATH PENALTY ACT (SEE) OUT OF TIME APPEAL V. A.T.C.A. ART 11.01 RAISING NEW GROUNDS (SEE) FATAL VARIANCE DIRECTED VERDICT.
(SEE) 28 U.S.C. § 2254 RE: WRIT OF CERTIORARI SUPREME COURT WASHINGTON D.C. (SEE) INVOLUNTARY GUILTY PLEA.

TO: THE HONORABLE JUDGE OF SAID COURT:

NOW COMES THE APPLICANT ERIC MAULDIN IN THE ABOVED STYLED ENTITLED CAUSE NUMBERS AND NOW IS FILING THIS EXTRAORDINARY WRIT OF MANDAMUS TO COMPEL THE ISSUANCE OF A WRIT OF PROHIBITION INHERENT OBEDIENCE TO IT'S JUDGEMENTS UNDER.
TEX. CODE. CRIM. PROC. ART. B2B (SEE) IIA.

[A]

THE APPLICANT IS NOW BEING CURRENTLY INCARCERATED AT THE ALLEN B POLUNSKY UNIT. 3872 FM 350 SOUTH LIVINGSTON TEXAS 77351. ILLEGALLY AGAINST HIS WILL ON A JUDGMENT OF SENTENCE "LIFE" AND IS REQUESTING THAT A SUBPOENA DUCES TECUM" SHALL ISSUE FOR ALL PAST PRESENT AND FUTURE DOCUMENTS AND PROCEDURES BE PRODUCED IN THE LEGALITY'S OF THIS CASE AMEN ?

[B]

[FACTS AND AUTHORITIES IN SUPPORT OF THE CASE AT BAR]

THE ENHANCEMENT PARAGRAPHS ARE ILLEGAL IN CAUSE NO →
007-1312-04, 007-1314-04 007-1315-04, 007-1316-04, AND 007-1317-04. AGGRAVATED ASSAULT, AGGRAVATED KIDNAPPING. BURGLARY OF A HABITATION ENDANGERING A CHILD. AND EVADING ARREST (SEE) CANNON V. STATE 546 S.W. 2nd Ed P. 266 [1976]

RE: MANCUSO V. STATE 919 S W. 2nd Ed. P. 86
LARA V. STATE, 1996 TEX. APP. LEXIS 2400, AND I THE APPLIC-
ANT IS REQUESTING AN INDEPENDENT INVESTIGATION TO
THE GRAND JURY COMMISSIONERS DUE TO THE FUNDAME-
NTALLY DEFECTIVE INDICTMENTS AND THE COERCED
CONFESSIONS ON THE INEFFECTIVE ASSISTANCE OF
COUNSEL BY MY COURT APPOINTED ATTORNEY OF THE CONSP-
IRACIES TO IMPEDE JUSTICE AND THE PREJUDICES IN-
VOLVING THE PROSECUTORS, PROSECUTORIAL VINDIC-
TIVENESS INSTRUCTIONS ILLEGAL MISCONDUCT OF
PAST CONVICTIONS AND UNFAIRNESS OF THE OUT COME
OF THIS SITUATION.

[C]

CRIMINAL LAW & PROCEDURE > APPEALS > APPEALLATE
JURISDICTION. EXTRAODINARY WRITS.

THE POWER TO ISSUE A WRIT OF PROHIBITION IS INHER-
ENT IN AN APPELLATE COURT TO REQUIRE OBEDIENCE
TO ITS JUDGEMENTS.
THE JURISDICTION OF AN APPELLATE COURT WHEN IT
ONCE ATTACHES CONTINUES UNTIL THE CASE AS MADE BY
THE APPEAL IS COMPLETELY EXECUTED BY THE COURT BE-
LOW, AND IT MAY ISSUE "ALL" WRITS NECESSARY TO
MAKE EFFECTIVE ITS DECREE.

 Pg#4

# [D]

JURISDICTION > COURT OF CRIMINAL APPEALS > ENFORCE JUDGEMENT ISSUE PROHIBITING WRIT. THE TEXAS COURT OF CRIMINAL APPEALS HAS THE AUTHORITY TO PROHIBIT THE SUSPENSION OF SENTENCE AFTER AFFIRMANCE OF THE JUDGEMENT AND IT'S WRIT OF PROHIBITION.

# [E]

WHERE A FEDERAL STATUTE IS ADOPTED IN A STATUE OF THIS STATE THE PRESUMPTION FOLLOWS THAT THE LEGISLATURE KNEW OF AND INTENDED TO ADOPT THE CONSTRUCTION PLACED UPON THE FEDERAL STATUTE BY THE FEDERAL COURTS. BLACKMON V. HANSEN 169 S.W. 2nd 962 39 TEX. JUR. SEC. 140 P. 264 ROBERTSON V. STATE 142 S.W. 533 63 TEX. CR. R. 216 THE FEDERAL COURT DECISIONS THEN SHOULD BE HERE FOLLOWED UNLESS THE STATUTES OF THIS STATE REQUIRE A CONTRARY CONCLUSION.

[RESOLUTION] A FORMAL EXPRESSION OF THE OPINION OR WILL OF AN OFFICIAL BODY OR A PUBLIC ASSEMBLY ADOPTED BY VOTE; AS A LEGISLATIVE → RESOLUTION. SUCH MAY BE EITHER A SIMPLE JOINT OR CONCURRENT RESOLUTION. THE TERM IS USUALLY EMPLOYED TO DENOTE THE ADOPTION OF A MOTION, THE SUBJECT MATTER OF WHICH WOULD NOT PROPERLY CONSTITUTE A STATUTE SUCH AS A MERE EXPRESSION OF OPINION, ETC. SUCH IS NOT LAW BUT MERELY A FORM IN WHICH A LEGISLATIVE BRANCH EXPRESSES AN OPINION, BAKER 271 OR. 500 - 533 P. 2d 772 - 775.

TEX. CONST ART. IV. § 11A AND § 1 OF THE ADULT PROBATION AND PAROLE LAW WAS EXERCISEABLE BY THE COURTS OF TEXAS HAVING ORIGINAL JURISDICTION OF CRIMINAL ACTIONS AS A JUDICIAL TRIBUNAL "2" UNDER TEX. CRIM. STAT. ART. 828, WHEN DEFENDANT GAVE NOTICE OF APPEAL TO THE COURT FROM THE JUDGEMENT OF CONVICTION, THE DISTRICT COURT LOST JURISDICTION, AND THE COURT IMMEDIATELY ACQUIRED JURISDICTION OF THE CASE:

[3] THE DISTRICT COURT ACQUIRED JURISDICTION ONLY TO CARRY OUT THE MANDATE OF THE COURT TO SEE THAT THE JUDGEMENT OF CONVICTION AND SENTENCE WAS CARRIED OUT, AND [4], THE POWER TO ISSUE A WRIT OF PROHIBITION WAS INHERENT IN THE COURT TO REQUIRE OBEDIENCE TO ITS JUDGEMENTS.

[G]

CORE TERMS:

FELONY, JAIL, CONVICTION, FELONY OFFENCES, SENTENCED, TEX GEN, LAWS, HABITUAL OFFENDER, SENTENCE, FELONY CONVICTIONS → PARTICIPATING PLED. THREE STRIKES IMPOSITION FACTORS

THE HABITUAL OFFENDER PROVISION OF THE FORMER VERSION OF TEX PENAL CODE ANN. § 12.42 (d) DOES NOT APPLY WHEN AN INDIVIDUAL WHO HAS BEEN CONVICTED OF TWO OR MORE PRIOR FELONY OFFENSES IS SUBSEQUENTLY CONVICTED OF A STATE JAIL FELONY NOT → INVOLVING THE USE OF A DEADLY WEAPON AND ENHANCED BY TWO PRIOR FELONY CONVICTIONS CANNOT BE SENTENCED UNDER FORMER TEXAS PENAL CODE ANN. § 12.42 (d) SEE V.A.T C.A § 12.44 A

RE: TEX. GOV'T CODE § 12.43 C RE: BURKHULDER V. STATE, 660 S.W. 2nd ed P 540.

## [H]

I THE APPLICANT AN UNINCORPORATED ASSOSIATION AND AN INDIVIDUAL OF THE NEGRO RACE COMPLAINS THAT THE NEGRO RACE COMPLAINS THAT THE STATE OF TEXAS PURPOSELY ENTERED INTO A PLAN OR SCHEME TO DEPRIVE "ME" OF RIGHTS PRIVILEGES AND IMMUNITIES SECURED TO ME BY THE CONSTITUTION AND LAWS OF THE UNITED STATES. WHERE A TRIAL COURT ERRS IN ENHANCING A DEFENDANTS PUNISHMENT IT MUST NEXT ADDRESS WHETHER THAT ERROR IS → REVERSIBLE. TEX. R. APP. PROC. 44.2, (SEE) STRICKLAND V. WASHINGTON 466 U.S. 688, 104 S.CT. 2052. 80l ed. 2d 674 [1984]

## [I]

GOVERNMENTS > LEGISLATION > INTERPRETATION: IT IS THE DUTY OF THE LEGISLATURE TO MAKE LAWS, AND IT IS THE FUNCTION OF THE JUDIARY TO INTERPRET THOSE LAWS. TEX. CONST. ART II 1, WHEN THE COURT INTERPRETS STATUTES THE COURTS SEEKS, TO EFFECUATE THE "COLLECTIVE" INTENT OR PURPOSE OF THE LEGISLATORS, WHO ENACTED THE LEGISLATION. CONSEQUENTLY THE COURT FOCUSES ON THE TEXT OF THE STATUE AND INTERPRETS IT IN A LITERAL MANNER ATTEMPTING TO DISCERN THE FAIR OBJECTIVE MEANING OF THE TEXT; IT IS THE COURTS DUTY WHILE INTERPRETING THE STATUE TO GIVE THE ORDINARY AND PLAIN → MEANING TO THE LANGUAGE OF THE LEGISLATURE:

WHERE THE STATUE IS CLEAR AND UNAMBIGUOUS, THE LEGISLATURE MUST BE UNDERSTOOD TO MEAN WHAT IT HAS EXPRESSED AND IT IS NOT FOR THE COURTS TO ADD OR SUBTRACT FROM SUCH A STATUTE ONLY WHEN THE APPLICATION OF A STATUTES PLAIN LANGUAGE IS AMBIGUOUS OR, WOULD LEAD TO ABSURD CONSEQUENCES WHICH THE LEGISLATURE COULD NOT POSSIBLY HAVE INTENDED SHOULD, THE COURT LOOK TO → EXTRATEXTUAL FACTORS,
TEX. GOV'T CODE ANN. § 311.023 [1995]

## [ J ]

(SEE):
RES-JUDICATA FACE     ALBO     EX NIGRO; EX CURVO,
RECTUM; EX RECTO, CURVUM /          ; A THING ADJUDGED
THE SOLEM JUDGEMENT OF A COURT MAKES" WHITE BLACK,
BLACK, WHITE  THE CROOKED STRAIGHT, THE STRAIGHT CROOKED.

## [ K ]

THE CONDUCT CONCEPT, ON THE OTHER HAND REST ON PRINCIPLES OF SUBSTANCE DUE PROCESS WHICH FORBID THE PROHIBITION OF CERTAIN INDIVIDUAL FREEDOMS.
THE PRIMARY ISSUE IS NOT REASONABLE NOTICE OR ADEQUATE STANDARDS, ALTHOUGH THESE ISSUES MAY BE INVOLVED.
RATHER THE ISSUE IS WHETHER THE LANGUAGE OF THE STATUE GIVEN IS NORMAL MEANING IS SO BROAD, THAT IT'S SANCTIONS MAY APPLY TO → CONDUCT PROTECTED BY THE CON-

THE "RESOLUTION" OF THIS ISSUE DEPENDS UPON WHETHER
THE STATUTES PERMITS POLICE AND OTHER OFFICIAL TO
UNLIMITED DESCRETIONARY POWERS IN ITS ENFORCEMENT, IF
THE SCOPE OF THE POWER PERMITTED THESE OFFICIALS IS SO
BROAD THAT THE EXERCISE OF CONSTITUTIONALY PROTECTED
CONDUCT → DEPENDS ON THEIR OWN SUBJECT VIEWS AS
TO THE PROPERTY OF THE CONDUCT THE STATUTE IS UNCON-
STITUTIONAL.

THE FLOOR DEBATES [** 18] OVER SB 169 AND SJR 16 ADD FURTHER LIGHT, IN THE HOUSE FLOOR DEBATE ON MAY 24, 1985, REP. DAN MORALES EXPLAINED THE PURPOSE OF 169 (NOW ART. 1.14 AND ART. 28.10, V.A.C.C.P.) TO THE RE HOUSE IN RESPONSE TO QUESTION FROM REPRESENTATIVE LARRY EVANS, AS FOLLOWS:

[270] MORALES:
YEAH, LARRY, AS YOU CAN SEE ON PAGE TWO OF THIS LEGISLATION: ANY DEFECT WITH REGARD TO FORM OR SUBSTANCE IN A CRIMINAL INDICTMENT HAS GOT TO BE RAISED PRIOR TO THE TRIAL ON THE MERITS. SO BASICALLY, WHAT THE LEGISLATION WOULD DO IS SIMPLY REQUIRE THAT THE DEFENDANT RAISE ANY SORT OF TECHNICAL DEFECT WITH REGARD TO AN INDICTMENT PRIOR TO THE TRIAL TO PRECLUDE A SITUATION WHERE WE GO THROUGH THE ENTIRE TRIAL.

TO THAT TRIAL, AND THEN HAVE THE DEFECT RAISED, RESULTING IN A REVERSAL.

EVANS:
THEN, WITH REGARD TO DEFECTS RELATING TO SUBSTANCE, WHAT KIND OF DEFECTS ARE WE TALKING ABOUT THERE?

MORALES:
ANY AND ALL.

EVANS:
SO IF YOU SAID IT WAS MURDER, AND IT REALLY WAS A THEFT



THEN WOULD THAT APPLY TO THAT SITUATION

MORALES:
IN THAT CIRCUMSTANCE AT THE REQUEST OF THE
DEFENDANT THE COURT MAY GIVE [* 19] THE
DEFENDANT TEN DAYS TO RESPOND. THATS ON PAGE
TWO ARTICALE 2810.

EVANS
AND WITH REGARD TO FORM, WHAT KIND OF DEFECTS
ARE WE TALKING ABOUT THERE?

MORALES:
LIKEWISE. ANY SORT OF WRONG DATE MISPLACED
COMMA MISSPELLING THINGS OF THAT NATURE.

EVANS:
WELL UNLIKE A PROSECUTOR WHO IS WELL
VERSED IN THE AREA OF CRIMINAL LAW THE
DEFENDANT IS NOT AS WELL VERSED. WOULDN'T
YOU AGREE WITH THAT MR. MORALES?

MORALES:
NOT NECESSARILY. BUT LARRY EVEN IF THAT IS THE
CASE TEN DAYS IS WHAT THE DEFENDANT HAS TO
PREPARE FOR TRIAL. THERE IS NOTHING UNREASONABLE
IN REQUIRING THE DEFENDANT TO RAISE THAT OBJECTION
PRIOR TO THE TRIAL, RATHER THAN ALLOWING THE
DEFENDANT TO HIDE BEHIND THAT DEFECT TO FORCE

THE STATE TO GO THROUGH THE FACADE OF A TRIAL
BEFORE A JURY OR A JUDGE, AND THEN TO RAISE THAT
DEFECT ONLY AFTER A VERDICT HAS BEEN REACHED.

EMPHASIS SUPPLIED. IN THE SENATE FLOOR DEBATE ON
MARCH 21, 1985. SENATOR IKE HARRIS SUMMARIZED
SB 169 AND SJR 16 THIS WAY:

HARRIS:
THANK YOU MR PRESIDENT. MEMBER SB 169 AND YOUR
AGENDA TODAY. SJR 16 I MOVE TO SUSPEND ALL
NECESSARY RULES TO TAKE UP CONSIDERATION OF
169. WHAT THIS BASICALLY [20] DOES . . . . ITS A
BILL THAT DEALS WITH THAT PROBLEM THAT HAS
PLAGUED THE CRIMINAL JUSTICE SYSTEM AND
THE COURT OF ~~CRIMINAL~~ CRIMINAL APPEALS OVER
A NUMBER OF YEARS THAT INVOLVES A DEFECTIVE
INDICTMENT WHICH A DEFENSE GOES TO TRIAL
UPON, MAKES NO OBJECTION, THEN RAISES ON APPEAL
FOR THE FIRST TIME THEN THE COURT REVERSES
BASED UPON THAT DEFECT IN THE INDICTMENT AND
THE LOWER COURT HAS NEVER HAD THE OPPERTUNITY
TO RULE UPON THAT QUESTION. THERE ARE A NUMBER
OF CASES THAT HAVE BEEN REVERSED BASED ON THOSE
TECHNICALITIES. WE WOULD MOVE TO SUSPEND THE
RULES AT THIS TIME. I MOVE TO SUSPEND, MR
PRESIDENT.

- * -

HARRIS:

MR. PRESIDENT I MOVE TO SUSPEND ALL NECESSARY RULES TO TAKE UP AND CONSIDER SJR 16 IS A CONSTITUTIONAL AMENDMENT THAT GOES WITH THE ENABLING STATUTE THAT WE'VE JUST PASSED THAT PROVIDES FOR THE COURT TO HAVE JURISDICTION TO MAKE AMENDMENTS PROVIDED THE DEFENDANT MAKES THE PROPER OBJECTION AND PROVIDED IT MEETS THE RULES AS SET OUT IN THE STATUTE. I WOULD MOVE FOR SUSPENSION OF THE NECESSARY RULES AT THIS TIME, MR. PRESIDENT.

EMPHASIS SUPPLIED

CLEARLY BOTH THE HOUSE AND SENATE BELIEVED THAT ALL DEFECTS IN A CHARGING INSTRUMENT WERE WAIVED [21] IF NOT RAISED BY A DEFENDANT BEFORE TRIAL. CLEARLY THE PERCEIVED EVIL THEY WERE CORRECTING WAS THE RAISING OF INDICTMENT DEFECTS FOR THE FIRST TIME AFTER A [27i] TRIAL AND CONVICTION AND THE SUBSEQUENT REVERSAL OF THAT CONVICTION BECAUSE OF THAT DEFECT. TO SAY THAT AN INDICTMENT THAT DOES NOT CONTAIN AN ELEMENT OF AN OFFENSE IS NOT AN "INDICTMENT FOR PURPOSES OF SB 169, WOULD BE TO COMPLETELY IGNORE THE ENTIRETY OF GOVT. CODE SEC. 311.023 AS WELL AS TO THWART THE INTENT AND THE WILL OF THE LEGISLATURE AND PERSUMABLY THE PEOPLE WHO PASSED ART. IN, § 12,



FOOTNOTES

[10] SEC. 311.023 STATUTE CONSTRUCTION AIDS PROVIDES:
IN CONSTRUING A STATUTE, WHETHER OR NOT THE STATUTE
IS CONSIDERED AMBIGUOUS ON IT'S FACE, A COURT MAY
CONSIDER AMONG OTHER MATTERS THE:

(1) OBJECT SOUGHT TO BE ATTAINED;

(2) CIRCUMSTANCES UNDER WHICH THE STATUTE WAS
ENACTED;

(3) LEGISLATIVE HISTORY;

(4) COMMON LAW OR FORMER STATUTORY PROVISIONS
INCLUDING LAWS ON THE SAME OR SIMILAR SUBJECTS;

(5) CONSEQUENCES OF A PARTICULAR CONSTRUCTION;

(6) ADMINISTRATIVE CONSTRUCTION;

(7) TITLE (CAPTION) PREAMBLE AND EMERGENCY PROVISION.

I THE APPLICANT PETITIONER DO HEREST REQUEST THAT A [WRIT OF MANDAMUS] RE: WRIT OF PROHIBITION SHALL ISSUE TEX. CONST. ART. IV, §11A AND §1 OF THE ADULT PROBATION AND PAROLE LAW WAS EXERCISABLE BY THE COURTS OF TEXAS HAVING ORIGINAL JURISDICTION OF CRIMINAL ACTIONS AS A JUDICAL TRIBUNAL (2) UNDER TEX. CRIM. STAT. ART. 828, WHEN DEFENDANT GAVE NOTICE OF APPEAL TO THE COURT FROM THE JUDGMENT OF CONVICTION, THE DISTRIC COURT LOST JURISDICTION AND THE COURT IMMEDIATELY ACQUIRED JURISDICTION ONLY TO CARRY OUT THE MANDATE OF THE COURT TO SEE THAT THE JUDGMENT OF CONVICTION AND SENTENCE WAS CARRIED OUT; (4) THE POWER TO ISSUE A WRIT OF PROHIBITION WAS INHERENT IN THE COURT TO REQUIRE OBEDIENCE TO ITS JUDGMENTS

## (B)

CRIMINAL LAW & PROCEDURE > APPEALS > PROCEDURES > NOTICE OF APPEAL.

CRIMINAL LAW & PROCEDURE > APPEALS > PROCEDURES > RECORDS OF APPEALS

TEX. CRIM. STAT. ART. 828 READS AS FOLLOWS: THE EFFECT OF AN APPEAL IS TO SUSPEND AND ARREST ALL FURTHER PROCEEDING IN THE CASE IN THE COURT IN WHICH THE CONVICTION WAS HAD UNTIL THE JUDGMENT OF THE

APPELLANT COURT IS RECEIVED BY THE COURT FROM WHICH THE APPEAL WAS TAKEN. IN CAUSES WHERE, AFTER NOTICE OF APPEAL HAS BEEN GIVEN, THE RECORD OR ANY PORTION THEREOF IS LOST OR DESTROYED IT MAY BE SUBSTITUTED IN THE LOWER COURT, IF SAID COURT BE THEN IN SESSION; AND WHEN SO SUBSTITUTED, THE TRANSCRIPT MAY BE PREPARED AND SENT UP AS IN OTHER CASES. IN CASE THE COURT FROM WHICH THE APPEAL WAS TAKEN BE NOT THEN IN SESSION THE APPELLATE COURT SHALL POSTPONE THE CONSIDERATION OF SUCH APPEAL UNTIL THE NEXT TERM OF SAID COURT FROM WHICH SAID APPEAL WAS TAKEN; AND THE SAID RECORD SHALL BE SUBSTITUTED AT SAID TERM AS IN OTHER CASES.

PROHIBITION: AN EXTRAORDINARY WRIT ISSUED BY A HIGHER COURT COMMANDING AN IFERIOR COURT TO KEEP WITHIN ITS PROPER JURISDICTION (AS BY CEASING A PROSECUTION) b: AN ORDER TO REFRAIN OR STOP 2a: SOMETHING (AS LAW) THAT PROHIBITS A CERTAIN ACT OR PROCEDURE b CAP: THE PERIOD FROM 1920 TO 1933 IN THE U.S. WHEN THE MANUFACTURE TRANSPORTATION AND SALE OF ALCOHOLIC LIQUORS WAS PROHIBITED BY THE EIGHTEENTH AMENDMENT TO THE U.S CONSTITUTION.

## (C)

MAGNA CARTA : A CHARTE OF LIBERTIES SIGNED UNDER DURESS BY KING JOHN OF ENGLAND IN 1215 THAT INFLUENCED THE DEVELOPMENT OF SEVERAL MODERN LEGAL AND CONSTITUTIONAL PRINCIPLES (AS DUE PROCESS).

## (D)

MANDAMUS : TO ENJOIN AN EXTRAODINARY WRIT ISSUED BY A COURT OF COMPETENT JURISDICTION TO AN INFERIOR TRIBUNAL A PUBLIC OFFICIAL AN ADMINISTRATIVE AGENCY, A CORPORATION, OR ANY PERSON COMPELLING THE PERFORMANCE OF AN ACT USU. ONLY WHEN THERE IS A DUTY UNDER THE LAW TO PERFORM THE ACT THE PLAINTIFF HAS A CLEAR RIGHT TO SUCH PERFORMANCE, AND THERE IS NO OTHER REMEDY AVAILABLE; ALSO AN ACTION IN THE NATURE OF A WRIT OF MANDAMUS IN JURISDICTIONS WHERE THE WRIT IS ABOLISHED — COMPARE CEASE-AND-DESIST ORDER AT ORDER INJUNCTION STAY ◊ MANDAMUS IS AN EXTRAODINARY REMEDY AND IS ISSUED USU. ONLY TO COMMAND THE PERFORMANCE OF A MINISTERIAL ACT. IT CANNOT BE USED TO SUBSTITUTE THE COURT'S JUDGEMENT FOR THE DEFENDANTS

IN THE PERFORMANCE OF A DISCRETIONARY ACT.

## II

RESJUDICATAI: A THING MATTER OR DETERMINATION THAT IS ADJUDGED OR FINAL: AS A: A CLAIM, ISSUE OR CAUSE OF ACTION THAT IS SETTLED BY A JUDGMENT CONCLUSIVE AS TO THE RIGHTS QUESTIONS, AND FACTS INVOLVED IN THE DISPUTE B: A JUDGEMENT. DECREE, AWARD OR OTHER DETERMINATION THAT IS CONSIDERED FINAL AND BARS RELITIGATION OF THE SAME MATTER < THE TRIAL COURT INTERPETED THE EARLIER ORDERS A DISMISSAL WITH PREJUDICE AND THUS RESJUDICATA AS TO THE SUBSEQUENT COMPLAINT SOUTHEAST. MORTG. CO. V. SINCLAIR 632 So, 2d 677 (1994) ALSO: THE BARRING EFFECT OF SUCH DETERMINATION. 2: A PRINCIPAL OR DOCTRINE THAT GENERALLY BARS RELITIGATION OR RECONSIDERATION OF MATTERS DETERMINED IN ADJUDICATION < THE DOCTRIN OF RESJUDICATA PRECLUDES THE PRESENTATION OF ISSUES IN A POST - CONVICTION PETITION WHICH HAVE PREVIOUSLY BEEN DECIDED UPON DIRECT APPEAL- STOWERS V. STATE 657 N.E 2d 194 (1995)> AS A: A BOARD DOCTRIN IN CIVIL LITIGATION THAT REQUIRES AND INCLUDES THE BARRING OF RELITIGATION OF SETTLED MATTERS UNDER

MERGER BAR COLLATERAL ESTOPPEL AND DIRECT ESTOPPEL:
FORMER ADJUDICATION - COMEPARE BAR 3b ESTOPPEL BY
JUDGMENT AT ESTOPPEL 2 A MERGER 4b: A SPECIC
DOCTRIN THAT PRECLUDES RELITIGATION OF CLAIMS
AND ISSUES ARISING FROM THE SAME CAUSE OF ACTION
BETWEEN THE SAME PARTIES AND THEIR PRIVIES
AFTER A FINAL JUDGMENT ON THE MERITS BY A
COMPETENT TRIBUNAL OR AFTER SOME OTHER
FINAL DETERMINATION HAVING THE SAME EFFECT
< RESJUDICATÁ PRECLUDES ONLY SUBSEQUENT
SUITS ON THE SAME CAUSE OF ACTION
COLLATERAL ESTOPPEL MAY PRECLUDE
RELITIGATION OF ISSUES IN LATER SUITS ON
ANY CAUSE OF ACTION - J. H. FRIEDENTHAL ET AL. >
— ALSO CALLED CLAIM PRECLUSION. 3: A AFFIRMATIVE
DEFENSE BASED ON RESJUDICATA.

## (A)

APPLICAN REQUESTS "CLEMENCY" AND A FULL PARDON
UNDER THE "OBAMA" ADMINISTRATION. RESTORING
"EQUAL" JUSTICE UNDER THE FAIR SENTENCING ACT
"CLEMENCY PROJECT" 2014. ACCESS TO JUSTICE
THE U.S. CONST AMENDS 1ST 4TH 5TH 6TH 8TH 13TH AND 14TH
DUE PROCESS OF LAWS IN ACTS OF CONSPIRACIES TO
IMPEDE JUSTICE DONE BY ARBITRARY GOVERNMENT
OFFICIALS HIGH    RANKING ACTING UNDER THE
COLOR OF STATE LAW AND ABUSING THEIR AUTHORITIES
OUT OF ACTS OF MALICIES WITH THE INTENTIONS TO HARM ME

Pg # 19

[CASE CITINGS AND AUTHORITIES IN SUPPORT OF THE CASE]

1. TEX. GOV'T CODE 311.023

2. STUDER V. STATE 799 S.W. 2nd Id P263

3. TEX. PENAL CODE 12.43 MISDEMEANOR HABITUAL OFFENDER

4. V.T.C.A. 12.44 P.C FOR THE REDUCTIONS OF 2nd, 3rd DEGREE FELONYS TO MISDEMEANOR PUNISHMENTS PERSE. SENATE BILL 1067 SENATOR WHITMIRE.

5. MANCUSO V. STATE 919 S.W. 2nd ed. P.86

6. BURKHOLDER V. STATE 660 S.W. 2d ed. P. 540

7. ANTITERRISM EFFECTIVE DEATH PENALTY ACT SIGNED INTO THE BILL OF RIGHTS APRIL 23rd 1996 TWO YEAR STATUE OF LIMITATIONS ON CRIMINAL AND CIVIL.

8. FAILURE TO MARANDA WARNING NO SIGNATURE ON FILE PERTAINING. ~~PERTAINING~~

9. PREJUDICE

10. FUNDAMENTALLY DEFECTIVE INDICTMENT

11. COERCED CONFESSION

12. ILLEGAL MISCONDUCT

13. PROSECUTION VINDICTIVNESS

14. CONSTITUTIONAL VIOLATIONS, THE 1ST, 4th, 5th, 6th, 8th 13 AND 14 AMENDMENTS DUE PROCESS LAWS GOVERNING THE UNITED STATES

15. HUDSON V. STATE 145 S.W. 3d 323

16. WHERE A TRIAL COURT ERRS IN INHANCING A DEFENDANTS PUNISHMENT IT MUST NEXT ADDRESS WHEATHER THAT ERROR IS REVERSABLE. TEX. R APP. P 44.2

17. KLEIN V. STATE 154 TEX. CRIM 31. 224 S.W. 2d 25 SEE PRO NUNC TUNC TO COMPEL WRIT OF PROHIBITION

18. REQUSTING AN INDEPENDENT INVESTIGATION BY THE GRAND JURY COMMISIONERS

19. STRICKLAND V. WASHINGTON 466 U.S. 688 S.C.T 2052 801. Fd 2d 674 (1984)

20 EX PARTE GOLDEN 991 S.W. 2d 859

21. SEE 28 U.S.C. § 2241. RE § 2254 RE WRIT OF MANDAMUS RE WRIT OF CERTIORARI

THANK YOU
SINCERLY YOURS

Pg# 21     Eric Mauldin

GROUND
ONE

DID THE COURT ABUSE ITS DISCRETION BY DENYING
APPLICANTS PREVIOUS APPLICATION SEEKING AN
OUT OF TIME APPEAL

Applicant previously sought permission from the convicting court to file an out of time appeal, he presented this in an application for writ of Habeas Corpus. Applicant previously pointed out to the court that he recieved ineffective counsel which resulted in his plea being invalid, and obtained by inducement.

The court denied applicant habeas relief on this issue so he seek's further relief pursuant to the decision of the Court of Criminal Appeals in EX PARTE MC PHERSON, 32 S.W. 3d 860 (TEX.CRIM.APP.2000) ("Earlier habeas seeking an out-of-Time appeal was NOT A CHALLENGE to the conviction) Mc Pherson was not precluded from a second application because as stated by the Court he sought an out-of time appeal not a challenge to the conviction which is a Reflection of what occurred here.

Also SEE EX PARTE EVANS 964 S.W. 2d 643. (TEX CRIM.APP.1998) The Court abused its discretion by not allowing applicant to appeal his plea when it was apparant he was not represented by a competent attorney This was present as the main source for applicant wanting to appeal the sentence, he was told by his attorney that he would recieve a life sente nce and that he would have to do no more than (15)

Pg # 22

years if he plead guilty, but he received a much greater sentence and was not allowed to withdraw his plea. The Court was aware that the sentence did not result from a deal made prior to sentencing, but evidence that was presented by the state during the habeas proceeding seeking an out of time appeal suggest that a plea offer may have been offered by the state. There answer and opposition Stated that I was sentenced to an(18) year sentence which was not true, if there had been an offer for (10) years it would have been accepted.

Applicant states facts sufficient to allow the Court to proceed with this proceeding, because this was his first challenge to the conviction and he respectfully ash for an investigation. Independent.

APPLICANT SEEKS TO CHALLENGE HIS GUILTY PLEA
PURSUANT TO A RECENT SUPREME COURT DECISION WHICH
ALSO ALLEGED INEFFECTIVE ASSISTANCE OF COUNSEL.

Applicant has previously sought to present an out-
of-time appeal to challenge the voluntariness
of his guilty plea, but the trial court refused to allow
him to pursue this issue. The United States Sup-
reme Court agreed that relief should be grant-
ed when counsel fail to explain all the circum-
stances surrounding a guilty plea.
(See) Padilla V. Kentucky 559 U.S. ___ 130 S.Ct. 1473
176 L.Ed.2d. 284 (2010).

The Supreme Court agreed that a defendant
have a sixth Amendment Right to counsel whi-
ch extends to the plea bargaining process.
Missouri V. Frye, 566 U.S. ___ (2012) (ANTE A+B)
Hill V. Lockhart, 474 U.S. 52 (1985).

Applicant was induced into accepting a guilty
plea thinking by pleading guilty to all the offenses
he would not be sentenced to over (15) years, but upon
Applicant pleading guilty he was sentenced to the max-
imum term on each offense

A defendant is subjected to the same six Amendment
protection during the plea bargaining process as during
trial. Strickland V. Washington 466 U.S At 686. (1984)

GROUND
TWO

Before deciding wheather to plead guilty, a defendant is entitled to the effective assistance of competent Counsel McMann V. Richardson. 397 U.S. 759, 771, (1970); Strickland, 466 U.S. At 686.

Because of counsels deficient performance applicant suffered the following:

A). Convicted and sentenced to two offenses in violation of Double Jepardy.

B). Suffered by being sentenced to (life) in prison and the U.S. Constitution require the conviction to be Remanded.

However Mauldin is not asking the court to apply a distinction between direct and collateral consequences as alleged here to define the scope of Constitutionally "Reasonable Professional assistance" Required under Strickland and wheather this distinction is appropriate is the question being as to consider because of the unique nature of this Case because of the matter where the sentence was outside the authority of the trial Court Relief Should be granted here because applicants Constitutional rights were violated The United States Constitution is the Supreme law of the land. . . and its provisions apply even if they conflict with state law Substantive or procedual, because "we all" agreed to that by proxy back in 1789 without any ifs,

And or but", or "outcome determination". IF the U.S. Constitution mandates a practice diffrent from state law the Constitutional Requirement must prevail.

UNDISPUTED FACT:

It cannot be disputed at no level that there are ethical practices of an attorney that must always be followed no matter what stage of the proceeding a defendant is in. Considering the states answer in opposition to Applicants previous application seeking an out of time appeal that designed the issues, filed in the seventh District Court of Smith County Texas, Sept 21, 2010, it nearly reflect a showing supporting this claim. The State argued that applicant recieved an (18) year sentence on all (5) counts that were to run concurrently. The State failed to properly resolve this issue during the (15) days allowed pursuant to ART. 11.07 Tex code Crim. Proc. to respond. The trial Court accepted the states opposition when it's clear it was not fact or true. Micheal J. West, Assistant Criminal District Attorney, prepared the opposition. The D.A. asserts that applicant recieved an (18) year sentence when actually he was sentenced to life in prison.

GROUND
TWO

There's a sufficient distention between a life sentence and an (18) year sentence. The Court abused its discretion by accepting the states opposition when the court was fully aware of the fact that the information contained within the states opposition was unrelated to the ~~information~~ the case at hand. The district Court made an unreasonable decision of the fact when the Court refered to the states opposition without allowing the state to correct the opposition. The Courts decision to reject applicants claim resulted in a decision contrtrary to clearly establish decisions previously decided by the Same Court on the same issue.

The U.S. Supreme granted Relief in <u>William V. Taylor</u> when this occurred and Relief should be granted here.

THE STANDARD OF REVIEW SHOULD BE THE SAME AS THAT USED BY THE SUPREME COURT IN <u>PADILLA V. KENTUCKY.</u>

This is not a complex issue and the standard used in <u>Padilla</u>, is Sufficient here to show that Relief is Required. The Constitutional guarantee applies to pre-trial critical stages that are part of the whole Course of a criminal proceeding such as here in a proceeding in which applicant could not be presumed to make a critical decision without counsels advice.
<u>Lafler V. Cooper</u>, 566 U.S. ___ (2012) (ANte At 6).

GROUND THREE

**WAS TRIAL COUNSEL INEFFECTIVE FOR NOT INFORMING APPLICANT THAT HIS CONVICTION VIOLATED DOUBLE JEPARDY PRIOR TO HIS GUILTY PLEA:**

The Applicant Respectfully present this issue in this proceeding to ask whether this Honorable Court would agree that his sentence violates double jepardy. Applicant plead guilty to burglary of a habitation, with intent to committ assault harm and possession of a deadly weapon capable of causing serious bodily injury, in cause NO. 007-1315-04, and he also was Charged with Aggravated Assault of the same person in cause NO. 007-1313-04. Trial Counsel failed to advise the Court or the applicant that both Charges required the same element. Which a conviction for both offenses would Result in Double Jepardy, both Charges were the result of a single episode, both alleged the intent to committ bodily injury, which were inter Alia. (See) Blockburger V. United States, 284 U.S. 299, 304, 52 S.Ct 180, 76 L.Ed 306 (1982); William V. State, 240 S.W.3d 293 (Tex. App- Austin 2007).

The applicant seeks to have any and all judgements Vacated. Rangle V. State 179 S.W.3d 64 (Tex.App-San Antonio 2005):

The aggravated assault and burglary of a habitation Charge both alleged applicant exhibited a deadly weapon and intended use was capable of causing death or serious bodily injury. Under Blockburger, each offense must contain an element not contained in the

Other, and if not they are the same !!!

Trial counsel was ineffective for failing to bring forth facts that a competant counsel would know was a violation of his clients Right. There is no-evidence in the records to show that at no time, the trial counsel sought to get the indictment squashed on their alleged charge. The Fifth Amendment guarantees protection against double jepardy. (see) <u>Illinois V. Vitale</u>, 447 U.S. 410, 145, 100 s.ct. 2260, 65 L.Ed 2d. 228 (1988) Applicant contends that because he was charged with Burglary of a Habitation with intent to cause bodily injury and Aggravated Assault his conviction violates double jepardy. In this case the same act or transaction constituted a violation of two distinct statutory provision requires proof of a fact which the other does not. <u>Mallett V. State,</u> 65 S.W. 3d 59, 68 (Tex. Crim. App. 2001). Under <u>Blochburger</u>, burglary, as charged in this case, clearly requires proof of a fact that the aggravated assault charge does not. However, to prove the burglary charge, the state had to necessarily prove the elements of aggravated assault. <u>Blochburger V. United States</u>, 284 U.S. 299, 304, 52 S.ct. 180, 76 L.Ed 306 (1932). It's clear the applicant here suffered a fifth Amendment violation when his charges evolved from the same act and violated two different penal statutes. The two offenses were the same for double jepardy purposes, because both offenses contained all the elements of the other (see) <u>Benton V. Maryland,</u> 395,

GROUND
THREE

U.S. 784, 89 S.ct. 2056, 23 L.Ed 2d. 707 (1962) (stating no person shall be subject for the same offense to be twice put in jepardy of life or limb). The question here is subjected to Blockburger's Rule because the Blockburger test is a rule of statutory construction and is not the exclusive test for determining if two offenses are the same for double jepardy purposes. Offenses may be the same for double jepardy principles even when their element differ. <u>Rangle V. State</u>, 179 S.W. 3d. 64 (Tex.App. [4th Dist] 2005). Applicant was charged with Burglary of a habitation with intent to commit assault, and Aggravated Assault causing bodily injury, which both completed offenses that was alleged in the burglary of a habitation as the element relied on for the burglary of a habitation. The charges were presented in two seperate indictments, and both indictments allege a completed offense.
Trial Counsel was deficient for failing to seek to get the Aggravated assault indictment dismissed. A competent attorney would have advised its client of this vital issue and not allowed a client to be subjected to double jepardy. Applicants Sixth Amendment Right to effective counsel was violated by the performance of the trial counsel. Both prong's required by <u>Strickland V. Washton</u>, 466, U.S. 668, 104 S.ct 2062 (1984)
Applicant argues here that his counsel not only failed to advise him of this consequence prior to trial, but also told him that he "did not have to worry because he would not have to do no more than 15 years on a

life sentence if applicant had known he would have to do 30 years before being eligible for parole he would have insisted on going to trial. A similar situation — occurred in McMann V. Richardson, 397 U.S. 759, 771 (1970) and in Padilla V. Kentucky, 559. U.S. ___ (2010) In McMann, the court decided that a defendant is entitled to effective assistance of Counsel. Under Strickland Counsels representation "fell below the objective standard of reasonableness", 466 U.S. At 668, and there is a reasonable probability that for counsel's unprofessional error, the result's of the proceeding would have been diffrent, Id, At 694, because applicant would not have plead guilty

The conviction and sentence was illegal because it violated the fifth Amendment protection against double jepardy. Had Counsel reviewed the facts and elements of the charges that alleged occurred during the single episode. Applicant ask that this Honorable Court grant Relief here pursuant to the U.S. Constitution. The United States Constitution is the Supreme Law of the Land, and it's provisions apply even if the conflict with State laws, either substantive or _____ procedual because we all agreed to that by proxy back in 1789, without any "if's and but" or outcome determination" If the constitution mandates a practice diffrent from state laws, the Constitution requirement must prevail, so applicant pray that this Honorable Court consider the constitutional aspects and reverse this case and remand for further proceeding pursuant to the U.S Constitution.

**GROUND FOUR**

WAS DEFENSE COUNSEL INEFFECTIVE FOR ALLOWING APPLICANT TO PLEAD GUILTY TO AN OFFENSE THAT RESULTED FROM DURESS.

The State illegally convicted Applicant for the offense of Aggravated Kidnapping in cause No. 007-1314-04. also Burglary of a Habitation, and Aggravated Assault which all allegedly occured during a single episode. The charges were all presented in separate indictments each showing that during the time in which the claims were alleged, Applicant was engaged felonious conduct specifically Burglary. The Burglary of a Habitation could not be used to make the entry into the home a burglary and, at the same time used the Burglary of a Habitation as the Aggravating offense to make the kidnapping into Aggravated kidnapping. The elements of Aggravated kidnapping are: (1) intentionally or knowingly; (2) Abducting another person the elements of kidnapping, plus (3) committing an aggravating element. (4) Faciliate the commission of a felony or the flight after the attempt or commission of a felony. The conviction should be vacated because Applicat was living at the house that was alleged to had been burglarized. Applicant was living there with his girlfriend and her mother and had a right to have custody of the child pursuant to family Code 151.001. and 160.204 because of the fact that both parents were living togeather at the time

of the alleged kidnapping as husband and wife, and Applicant was presumed to be the father of the child and was never told by the childs mother that he could not take the child with him. This case revolved from family violence and was not anything other than that. A review of the Uniform Parentage Act, Presumption of Paternity, as stated in family code 160.204 States: (A) A man is presumed to be the father of a child if; (1) he promised in a record to support the child as his own, or during the first two years of the childs life he continuously resided in the household in which the child resided and he represented to others that the child was his own.

Texas Family Code 151.001 Explains: Rights and duty of a parent under this section require the following provide adequate food and medical care, which were things Applicant did do.

The Applicant had assumed these duties require to to have had a parental Right to have the child with him. The Applicant always had his stepson riding with him this was not an isolated event, this was a normal thing.

The Tyler police endangered the childs life when the officers started shooting at Applicants vehicle, which the child (victim) also mentioned in a statement to police (see) clerk record at (14).

The alleged victim also informed the officers that Applicant never tried to hurt him (CR:18) Mauldin had a parental right to have his step-son in his vehicle, he has performed all duties required by a parent and

GROUND
FOUR

and there was never any agreement ether verbaly or by any Court order nor was he ever told by the Childs mother that he had no Right to have care or custody of the child. The child stated that he was with Mauldin the night before. (see) Clerk Records at (15). The offense occurred as family violence and was not as a random Crime. The officers shot at the car driven by Mauldin placing the child in danger of being killed or seriously injured

GROUND
FIVE

APPLICANTS COUNSEL WAS INEFFECTIVE FOR NOT CHALLENGING THE EVADING ARREST CHARGE ON THE DEFENSE OF NECESSITY BECAUSE HE WAS BEING SHOT AT BY OFFICERS.

Courts has held that in order to excuse an act that would be otherwise criminal, intimidation or cohesion must be present and immediate, and must be of such a nature that it induces Reasonable and well founded fear, death or serious bodily injury to ones self or some one else and there must be no reasonable opportunity to escape from cohesion without participating in crime United States V. Harris 104 F. 3d 1465 (5th cir 1997) Applicant was not trying to evade arrest during the episode, the officer "unnecessarly fired shots" into Mauldin's car indangering the childs well being There was no justifiable reason for the officers to be firing shots into any car when a child is a passenger in the Vehicle The Fourth Amendment protects individuals from physically intrusive behavior during an arrest. A statement made by the child support the fact that he was affraid when the officers were shooting at the Vehicle while he was a passenger, the actions of the officer was clearly excessive force If a police officer uses more force then necessary to make an arrest the suspect is justified in resisting arrest. Texas Dept of Public Safety V. Petta 44 S.W. 3d 575 (Tex. 2001). There was no reasonable explanation for the officers actions, because there was no immediate

GROUND
FIVE

threat to the officer, and where a suspect poses no immediate threat to an officer, and no threat to others the harm resulting from failing to apprehend him does not justify the use of deadly force to do so despite the existence of probable cause to arrest and therefore, use of deadly force under such circumstances therby implicates the Fourth Amendment guarantee against unreasonable seizure Leghart V. Hauk, 25 F supp. 2d. 748 (W.D. Tex. 1998); Ontiveros V. Rosenburg Tx. 564 F 3d 379 (5th Cir 2009). Justification for Maulain failing to stop was attempting to drive to a busy area before stoping his vehicle and never anticipated being shot at by the officer, my actions should be based on a real emergency. and can be aserted only by me and my stepson, because we were confronted with the threat as personal danger, and the crisis did not permit selection from among several solutions, the officers were shooting at me and I feard for my life and my stepson's life. Applicant was placed in fear for his life. The law excuses criminal conduct in certain instances, and the same should had been here, necessity or duress may excuse conduct that is otherwise criminal, which requires that there was a present and unlawful threat and a well grounded apprehension of death or serious injury also that the defendant did not recklessly or negligently place himself in a situation in which duress could arise, also, the defendant did not have a reasonable legal alternative to violating

the law, and there was a direct causal relation-ship between the criminal act and avoidance of the threatened harm. United States V. Mejia 720 F. 2d 1378. 1382. (5th Cir 1983) Mauldin had a legal excuse for the crime charged in the indictment because he was compelled to do so when the officer shot at him, placing him in fear of imminent death of serious bodily injury. The fear was of such nature as to induce the act of not stopping the vehicle in an area where there was no witnesses around. Acts done under such coercion or compulsion are not done willfully. United States V. Webb 747 F. 2d. 278, 285 (5th. Cir 1984). An Appeal was sought on the ground of ineffective Assistance of Counsel which Mauldin was planning to present the Counsel's failing to attempt to surpress the indictment because the records show that the officers were shooting at Mauldin while he was driving his vehicle. Trial Counsel was ineffective for not attempting to surpress the indictment on the basic that Mauldin was attempting to get to an area of safty before stopping his vehicle. The officer clearly was wrong when he endangered Mauldins step son and when an officer can justfy shooting at a car carring a child. then he's capable of doing danger to the driver of the vehicle. Mauldins actions were justified and had counsel performed as that which is guranteed by the United States Constitution.
(see) Strickland V. Washington 466 U.S. 668 (1984)

GROUND
FIVE

Had Counsel explained the defenses surrounding his actions that occurred when the officer shot at him, he would have not plead guilty to the offenses. and the only resolution here would be to vacate the conviction which "Due Process" requires.

CERTIFICATE OF SERVICE

THE APPLICANT MR ERIC MAULDIN # 1298756, DO HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THIS WRIT OF MANDAMUS RE: WRIT OF PROHIBITION, HAS BEEN MAILED TO THE OFFICE OF THE CLERK GRAND JURY COMMISSIONERS 100 N. BROADWAY, ROOM 204, TYLER, TEXAS, 75702 BY PRE POST PAID MAIL

Eric Mauldin
PRO SE # 1298756

[RELIEF]

WHEREFORE PREMISSES ARE CONSIDERED.

BY PRAY THAT THE COURTS GRANT ANY AND ALL RELIEF REQUESTED FOR HERE IN THE PREMISSES OF THIS WRIT OF MANDAMUS. AMEN!

[DECLARATION]

I DO HEREBY [CERTIFY, VERIFY, AND STATE] UNDER PENALTY'S OF PERJURY THAT THE FORE GOING IS TRUE AND CORRECT UNDER [28 U.S.C. § 1746]

SIGNED ON THIS 24th DAY OF FEB 2015

Eric Mauldin
ERIC MAULDIN #1298756
ALLEN B POLUNSKY UNIT
3872 FM 350 SOUTH
LIVINGSTON, TEXAS, 77351

Pg# 39